IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN C. JACKSON AND CECELIA JACKSON<br>    *Plaintiffs,*<br><br>VS.<br><br>FREEDOM MORTGAGE CORPORATION; LOANCARE, A DIVISION OF FNF SERVICING, INC. NKA LOANCARE, LLC; AND MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC.,<br>    *Defendants.* | §§§§§§§§§§§§§§§§§    C.A. No. _____ |

_____

## NOTICE OF REMOVAL
_____

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1141, 1446, and 1132, Defendant Freedom Mortgage Corporation ("Defendant") hereby removes this action from the 164th Judicial District Court of Harris County, Texas, Cause No: 2018-36781 to the United States District Court for the Southern District of Texas, Houston Division, and shows the Court as follows:

## INTRODUCTION

1. John C. Jackson and Cecelia Jackson, ("Plaintiffs") filed its Plaintiffs' Original Petition and Application for Temporary Restraining Order and Temporary Injunction ("Petition") on June 4, 2018 in the 164th Judicial District Court of Harris County, Texas, Cause No: 2018-36781 in order to prevent foreclosure proceedings scheduled for June 5, 2018. The Petition contains allegations of negligence, fraud, and other allegations against Defendant.[1]

## TIMELINESS OF REMOVAL

2. Plaintiff filed its Petition on June 4, 2018, and Defendant was served on June 18, 2018.[2] This Notice of Removal is therefore timely filed within thirty (30) days of service of process.

## VENUE

3. Venue for this removal is proper in the U.S. District Court for the Southern District of Texas, Houston division because this district and division included Harris County, Texas.

## BASIS FOR REMOVAL

4. Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction.

---

[1] *See*, Exh. C-: Original Pet.
[2] *See,* Exh. G – Executed Return of Citation

5.  As the removing party, Defendant consents to this removal.

6.  A case may be removed to federal court if it could have been brought in federal court originally.  *See,* 28 U.S.C. §1441.  Lawsuits between citizens of different states in which the amount exceeds $75,000.00 may be brought in federal court.  *See,* 28 U.S.C §1332.  Removal is proper in this case because there is complete diversity of citizenship between the parties and the alleged amount of controversy exceeds $75,000.00.  *See,* 28 U.S.C. §1332(a).

### A. Diversity of Citizenship

7.  Plaintiff and Defendant are citizens of different states.  Plaintiffs are residents of the State of Texas.  Defendant is a financial institution organized of the laws of the United States of America with a principle place of business in the State of Indiana.

8.  There is complete diversity in this case because the Plaintiffs are not citizens of the same state as Defendant.[3]

### B. Amount in Controversy

9.   Although Plaintiffs' Petition does not alleged an amount in controversy that exceeds $75,000 exclusive of interest and costs, removal is proper where a defendant can show by a preponderance of the evidence that the amount in

---

[3] *See* 28 U.S.C. §1332, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).

controversy is greater than the jurisdictional minimum.[4] A defendant can meet its burden if it is "facially apparent" from the petition that the claims probably exceed $75,000, or if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000.[5]

10. Here, it is more probable than not that the total amount in controversy exceeds $75,000. Plaintiffs' claims all relates to a lien on the Property and Defendant's ability to foreclose. When a suit seeks injunctive relief relating to property, the value of the property determines the jurisdictional amount in controversy.[6]

11. Plaintiffs' Petition states the Defendant does not own an interest in the indebtedness nor the right of foreclosure of the deed trust upon which Defendant wishes to foreclosure. The deed of trust is recorded in the real property records of Harris County, Texas as Instrument Number 20090286065[7] which contains a face value of secured interest of $254,403.00. The amount in controversy more likely than not exceeds $75,000.00.

---

[4] *See, St. Paul Reinsurance Co. Ltd. v. Greenburg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the mount of the claim will exceed [the jurisdictional minimum]."); *see* also *White v. FCI USA, Inc.,* 319 F.3d 672, 675 (5th Cir. 2003) (affirming district court's conclusion that it was "more probable than not" that damages were over $75,000 where the total amount of relief was not stated in the petition)

[5] See, *Manguno v.Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Ham v. Board of Pensions of the Presbyterian Church*, No. 3:04-CV-2692-P, 2005 U.S. Dist. LEXIS 3682, at *6-9 (N.D.Tex. Mar. 8, 2005); *Carnahan v. South Pac. R.R. Transp. Co.*, 914 F. Supp. 1430, 1431-32 (E.D.Tex. 1995)

[6] *See Nation Star Mortgage LLC v. Knox*, 351 F. Appx. 844, 848 (5th Cir. 2007)(citing *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)).

[7] *See, Exh. C* - Orig. Pet at ¶6

12. For the reasons stated above, this Court has jurisdiction over this matter by virtue of diversity.

## PROCEDURAL REQUIREMENTS

13. Defendant has been properly served in this matter.

14. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

    (a)    An index of matters being filed is attached hereto as **Exhibit A**.

    (b)    The state court docket sheet, all executed process in the case, all pleadings asserting causes of action, e.g. petitions and all orders signed by the state judge is attached hereto as **Exhibits B-H**.

    c)    Certificate of Interested Parties **Exhibit I**.

    d)    List of counsel as **Exhibit J**.

21. Simultaneous with the filing of this Notice of Removal, Defendant is filing a copy of the Notice of Removal filed in the 164th Judicial District of Harris County, Texas, pursuant to 28 U.S.C. § 1446(d). Defendant will promptly give all parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

## JURY DEMAND

22. Plaintiff did not demand a jury in the State Court Action.

## CONCLUSION

For these reasons, Defendant hereby removes this action from the 164th Judicial District of Court, Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,
*Marinosci Law Group, PC*
*dba Marinosci & Baxter*

/s/ *Philip Stuart Traynor*
Philip Stuart Traynor
State Bar No. 24083985
14643 Dallas Parkway, Suite 750
Dallas, Texas 75254
(972) 331-2300 – *telephone*
(972) 331-5240 – *facsimile*
Email: ptraynor@mlg-defaultlaw.com
**COUNSEL FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Notice of Removal was served upon the following counsel via electronic notice by ECF and email on June 21, 2018.

JEFFREY C. JACKSON
JEFFREY JACKSON & ASSOCIATES, PLLC
2200 N. LOOP WEST, STE. 108
HOUSTON, TX 77018
jeff@jjacksonllp.com

 By: */s/ Philip Stuart Traynor*
 Philip Stuart Traynor